UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HARRIET R.,

            Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

Case No. 2:19-CV-00064-TLF

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of her application for disability insurance benefits.

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the undersigned agrees that the ALJ erred and the ALJ's decision is reversed and remanded for an award of benefits.

### I.    ISSUES FOR REVEW

1. Did the ALJ err in finding that Plaintiff could perform her past relevant work at step four?
2. Did the ALJ err in evaluating Plaintiff's symptom testimony?
3. Did the ALJ properly evaluate the medical opinion evidence?
4. Did the ALJ err in discounting lay witness testimony?

ORDER REVERSING AND REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS - 1

## II. BACKGROUND

On October 2, 2015, Plaintiff filed an application for disability insurance benefits, alleging a disability onset date of September 7, 2015. AR 17, 161-67. Plaintiff's application was denied upon initial administrative review and on reconsideration. AR 17, 98-100. A hearing was held before Administrative Law Judge ("ALJ") Timothy Mangrum on August 10, 2017. AR 37-65. In a decision dated March 22, 2018, the ALJ found that Plaintiff was not disabled. AR 14-32. The Social Security Appeals Council denied Plaintiff's request for review on December 17, 2018. AR 3-8.

On January 31, 2019, Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision. Dkt. 4. Plaintiff asks this Court to reverse the ALJ's decision and to remand this case for an award of benefits. Dkt. 10, pp. 14-15.

## III. STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error; or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S.Ct. 1148, 1154 (2019). This requires "more than a mere scintilla" of evidence. *Id.*

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court is required to weigh both the evidence that supports, and evidence that does not support, the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

## IV. DISCUSSION

The Commissioner uses a five-step sequential evaluation process to determine if a claimant is disabled. 20 C.F.R. § 404.1520. The ALJ assesses the claimant's residual functional capacity ("RFC") to determine, at step four, whether the plaintiff can perform past relevant work, and if necessary, at step five to determine whether the plaintiff can adjust to other work. *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013). The ALJ has the burden of proof at step five to show that a significant number of jobs that the claimant can perform exist in the national economy. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. § 404.1520(e).

In this case, the ALJ found that Plaintiff had the following severe, medically determinable impairments: headaches; migraine headaches; chronic obstructive pulmonary disease ("COPD"); depression; and anxiety. AR 20. Based on the limitations stemming from these impairments, the ALJ assessed Plaintiff as being able to perform a reduced range of light work. AR 23. Relying on vocational expert ("VE") testimony, the ALJ found that Plaintiff could perform her past work as a food sales clerk. AR 31-32.

### A. Whether the ALJ erred at step four of the sequential evaluation

Plaintiff alleges that the ALJ erred by finding that she could perform her past relevant work at step four of the sequential evaluation. Dkt. 10, pp. 4-5.

At step four of the evaluation process, the ALJ must determine whether a claimant's impairments prevent the claimant from performing past relevant work. *See* 20 C.F.R. § 404.1520(a)(4)(iv). At step four, claimants have the burden of showing that they can no longer perform their past relevant work. *See e.g. Pinto v. Massanari*, 249 F.3d 840, 844-45 (9th Cir. 2001) (citations omitted). If the ALJ finds that the claimant has not established that they are incapable of performing past relevant work, the claimant is not disabled under Social Security regulations and the sequential evaluation process ends. 20 C.F.R. § 404.1520(f).

| | |
|---|---|
| 1 | In assessing Plaintiff's RFC, the ALJ found that Plaintiff would be off task and not |
| 2 | productive for approximately 10 percent of the workday, and that she was expected to be absent |
| 3 | "one day per month on average." AR 23. Despite these limitations, the ALJ, apparently relying |
| 4 | on an interpretation of the VE testimony, found that Plaintiff could perform her past work as a |
| 5 | food sales clerk. AR 31-32 (ALJ's decision); AR 61-62 (VE testimony). The ALJ found that in |
| 6 | assessing Plaintiff's absenteeism the vocational expert: |

> relied upon his experience to form an opinion on the tolerance of employers to absenteeism. He stated that if an individual missed "at least" once a month on a chronic basis, month in and month out, an employer would not tolerate the absenteeism after about eight or nine months.
>
> The above residual functional capacity allows the claimant to miss an average of one day per month, which is consistent with the vocational expert's testimony on absenteeism. The evidence supports a finding that the claimant may have some months where she would not miss any days. The vocational expert emphasized that it was the chronic nature of the absenteeism that would preclude sustained employment. The objective medical evidence herein does not support a finding that claimant's absenteeism would require her to miss at least one day per month on a chronic basis.

AR 31-32.

Plaintiff argues that the ALJ did not cite any evidence to support his finding that there would be some months where Plaintiff would not miss any work. Dkt. 10, p. 5. Plaintiff further argues that the ALJ has not cited any specific "objective evidence" that would support a finding that Plaintiff's absenteeism would not require her to miss at least one day per month on a chronic basis. *Id.*

During the hearing, the ALJ posed a hypothetical to the vocational expert for an individual who would "be either late for work, would have to leave work early, or would just not appear to work at all and that would be for at least one time a month." AR 61. The VE testified that Plaintiff would be able to perform her past work as a food sales clerk given such a

restriction. *Id.* However, the VE added that based upon the attendance issues the ALJ included in the hypothetical, if Plaintiff's absenteeism were "chronic", meaning that Plaintiff was "not showing up one day a month, month in and month out", that in the long-term Plaintiff would probably not be able to keep her job. *Id.* The VE added that employers would have a low tolerance for tardy employees, and stated that a Plaintiff who was absent at least once a month or more would probably lose their job after 8 or 10 months. AR 61-62.

The ALJ's reasoning concerning Plaintiff's absenteeism is conclusory and speculative. The ALJ has not offered any support for the prediction that there would be some months where Plaintiff would not miss any days of work. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings."). The Defendant contends the ALJ's conclusion is supported by the opinions of several non-examining state agency consultants. Dkt. 11, p. 10. This constitutes an improper post-hoc rationalization. *See e.g. Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001) (The Court cannot affirm an ALJ's decision on a ground that the agency did not invoke in making its decision) (internal citations omitted).

The ALJ's finding that Plaintiff could perform her past work at step four of the sequential evaluation was predicated on the vocational expert's testimony. The VE clearly testified that an individual who consistently missed one day of work per month would lose her job after 8 to 10 months, "if that long." AR 61-62. The vocational expert understood the hypothetical posed by the ALJ to involve "at least" once absence per month and was not asked about the impact of an individual who would be absent from work once a month "on average". AR 60-62.

However, the Court cannot say that there is a meaningful distinction, in this context, between a restriction to missing "at least" one day of work per month and missing one day of work per month "on average". The VE was clear that consistently missing one day of work per month would lead to an individual losing their job after a brief period, perhaps in less than 8 months. AR 62.

If Plaintiff was away from work due to medical conditions precisely one day each month, or if Plaintiff was away from work more than one day some months and zero days other months, the vocational expert's testimony is clearly means the need to miss this many days of work would make it impossible for an individual to keep a job "of any type." *Id.* In either case, Plaintiff would continue to miss work on a frequent and sustained basis, and the VE's testimony means Plaintiff would be precluded from performing her past work. The VE's testimony consequently shows that if Plaintiff missed work consistently (either on average once a month, or exactly one day each month) Plaintiff would be unable to keep any other job.

B. Remaining Issues

Plaintiff also maintains that the ALJ erred in evaluating her subjective allegations, the medical opinion evidence, and lay witness testimony. Dkt. 10, pp. 5-13. Because this case can be resolved without considering the remainder of the ALJ's decision, the Court declines to address these issues.

C. Remand for an Award of Benefits

Plaintiff asks the Court to remand this case for an award of benefits. Dkt. 10, pp. 14-15. "'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and

the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

The Ninth Circuit emphasized in *Leon v. Berryhill* that even when each element is satisfied, the district court still has discretion to remand for further proceedings or for award of benefits. 80 F.3d 1041, 1045 (9th Cir. 2017).

Here, the ALJ erred in finding that Plaintiff could perform her past work at step four of the sequential evaluation. The vocational expert's testimony was clear that given the absenteeism limitations in the RFC, Plaintiff would be unable to perform any other work at step five. As such, a remand would serve no useful purpose; the record is fully developed, and the ALJ's decision is not supported by substantial evidence. The Court remands for an award of benefits because under the circumstances this is the appropriate remedy.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ erred by determining plaintiff to be not disabled. Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED for an award of benefits.

Dated this 16th day of October, 2019.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge